UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――――X

MOHAMED ALSAIDI,

        Plaintiff,

    -against-

CITY OF NEW YORK ET AL.,

        Defendants.
―――――――――――――――――――――――――――X

**MEMORANDUM & ORDER**
12-CV-5771 (PKC)

PAMELA K. CHEN, United States District Judge:

    Plaintiff Mohamed Alsaidi brings this action pursuant to 42 U.S.C. § 1983 against Defendants the City of New York ("City"), the New York City Police Department ("NYPD"), certain named NYPD Officers, and other unidentified NYPD Officers listed as "JOHN DOES" and "JANE DOES" (together with the named NYPD Officers, "Individual Officers"). This action arises out of Plaintiff's alleged false arrest on April 23, 2010 by NYPD Officers. Plaintiff asserts: (1) state law claims against the Individual Officers; (2) § 1983 claims against the Individual Officers based on federal constitutional violations; and (3) a *Monell* claim against the City.[1]

    This Court held a pre-motion conference on August 6, 2013 (the "Conference") regarding Defendants' impending motion to dismiss. (Dkt. No. 11.) For the reasons set forth at the Conference, in conjunction with those set forth herein, Plaintiff's claims against the Individual

---

[1] Plaintiff has also named the NYPD as a defendant in this action. However, "the NYPD is a non-suable agency of the City." *Griffin v. City of New York*, 880 F. Supp. 2d 384, 393 (E.D.N.Y. 2012) (quoting *Jenkins v. City of New York,* 478 F.3d 76, 93 n. 19 (2d Cir.2007)).

1

Officers are hereby dismissed without prejudice for failure to serve pursuant to Fed. R. Civ. P. 4(m).[2] The Court reserves judgment regarding dismissal as to any other claims.

## Background

I.  *Relevant Facts*

The Court recites only those facts relevant to this Order. The arrest underlying this action took place on April 23, 2010. Plaintiff commenced this litigation on November 21, 2012 based on § 1983 and state law claims. In addition to the City and the NYPD, Plaintiff named Sgt. Muea, P.O. Brooks, P.O. Cooper, and several John and Jane Doe NYPD Officers as defendants. Plaintiff failed to serve any of the Individual Officers—named or not—within the one hundred twenty (120) day period allotted by Fed. R. Civ. P. 4(m), which expired on March 21, 2013. By Order dated May 8, 2013, the Honorable Vera M. Scanlon notified Plaintiff that the 120-day period of service had elapsed, but *sua sponte* extended the time for him to effectuate service of the Individual Officers to May 29, 2013. (Dkt. No. 9.) In the same order, Judge Scanlon reminded Plaintiff that "this court may sua sponte dismiss an action" for failure to effectuate timely service. (*Id.*) Plaintiff did not serve or attempt to serve any of the Individual Officers thereafter.

On July 12, 2013, Defendants submitted to the Court a request to file a motion to dismiss, with opposing counsel copied via ECF. (Dkt. No11.) In addition to outlining the bases for their motion, Defendants asked the Court to *sua sponte* dismiss Plaintiff's claims against the Individual Officers both for failure to serve and as time-barred. (*Id.* at footnote 3.) Defendants argued, *inter alia*, that: (1) the state law causes of action against the Individual Officers should

---

[2] Although the Court dismisses these claims without prejudice, as discussed *infra*, the practical effect is a dismissal with prejudice because the statute of limitations has run on these claims.

2

be dismissed because a notice of claim was not filed within ninety days and the action was not commenced within one year and ninety days, as required by N.Y. Gen. Mun. L. §§50-e(1)(a), 50-i(1)(c); (2) Plaintiff's claims against the unnamed Individual Officers are time-barred, as Plaintiff failed to name and serve such Individual Officers prior to the lapse of the applicable three year statute of limitations on April 24, 2013; and (3) Plaintiff's claim with respect to all Individual Officers should be dismissed because the period of service of the complaint required by Fed R. Civ. P. 4(m), 120 days, as well as the extension period granted by Judge Scanlon, had run. (*Id.*)

In his response letter dated July 15, 2013, Plaintiff's counsel offered two explanations for the failure to serve the Individual Officers by the extended deadline. First, he claimed that he had communicated with defense counsel "last week on several occasions seeking the FULL names of the unnamed defendant police officers, [and that] Corporation Counsel refused to provide said names, stating "I (plaintiff) already know who the police officers' [sic] are because I named them in the complaint." (Dkt. No. 13.) Second, he explained that he is a sole practitioner and was on trial when Judge Scanlon issued Plaintiff an *extension* and, "[s]omehow, this court's order to serve the unnamed defendant's was lost and the deadlines did not make it onto my calendar." (*Id.*) Seeking to justify another extension of the service deadline, Plaintiff's counsel stated that "[a] harsh result would occur if the plaintiff were not allowed to file an extension to serve the unnamed defendants[]" because "the statute of limitations expired on April 10, 2013."[3] (*Id.*).

---

[3] Notably, the statute of limitations date referenced in Plaintiff's letter only applies to his federal law claims. Plaintiff's counsel appeared to be unaware that the limitations period for his client's state law claims is only one year and ninety days. N.Y. Gen. Mun. L. §§50-e(1)(a), 50-i(1)(c). Furthermore, as mentioned in defense counsel's July 12th letter and discussed *infra*, the statute of limitations ran on Plaintiff's federal law claims on April 24, and not April 10, 2013.

3

Significantly, Assistant Corporation Counsel Richard Weingarten ("ACC Weingarten") refuted Plaintiff's counsel's claim that ACC Weingarten had refused to provide him with the names of the John and Jane Doe Officers. In a letter dated July 17, 2013, ACC Weingarten represented that, to his knowledge, he had "never spoken with Mr. Parker over the phone, and certainly [had] not done so in the last several weeks" and that "the entirety of counsels' communication since the inception of the lawsuit have occurred via email and are thus, readily discernible." (Dkt. No. 14 at 1.) Attached to ACC Weingarten's letter was a copy of the only email communication between Plaintiff's Counsel and ACC Weingarten, which consisted of two emails, one sent by Plaintiff's counsel on July 3, 2013 and a responsive email sent by ACC Weingarten the next day. In his July 3rd email, Plaintiff's counsel stated, *inter alia*, that he was "interested in whether you discovered the names of the unknown police officers or detectives involved in plaintiff's arrest." ACC Weingarten responded the next day with:

> What unknown police officers are you referring to?
>
> While there are John/Jane Doe officers named in the caption of the complaint, no John/Dane [sic] Doe officers are mentioned in the body of the complaint. Moreover, you refer to several officers in the body of the complaint by name.

Plaintiff's counsel failed to respond to ACC Weingarten's July 4th email or otherwise follow up with Corporation Counsel to identify the John and Jane Doe Officers.

As the record shows, Plaintiff's counsel did not inquire with Defendants' counsel as to the names of the Individual Officers until July 3, 2013 (Dkt. No 14), long after the service period *and* extension had run.[4] Despite the lack of follow-up by Plaintiff's counsel after the July 3-4 email exchange, in his July 17th letter, ACC Weingarten provided the true and correct names,

---

[4] It should also be noted that Plaintiff did not provide Defendant with an executed 160.50 release— a prerequisite for disclosing the Individual Officers' identifying information—until April 15, 2013, well after the initial 120 day-period had closed. (Dkt. No. 14).

4

badge numbers and addresses of the named Individual Officers. (Dkt. No. 14, n. 2.) Plaintiff *still* did not serve those officers.

On August 6, 2013, the Court held a pre-motion conference regarding Defendants' prospective motion to dismiss for, *inter alia*, failure to serve the Individual Officers. The Court repeatedly probed Plaintiff's counsel for any "good cause"—or even any reasonable excuse—as to why he missed both the original and extension periods of service. Plaintiff's counsel could provide no reason for his failure to serve other than that he was busy and frequently on trial since the filing of the complaint in November 2012. The Court ruled that Plaintiff's claims against the Individual Officers were dismissed based on the failure to serve them, but reserved judgment on whether the dismissal would be with prejudice.

## Discussion

Plaintiff asserts two counts against the Individual Officers, one based on state law and the other based on § 1983. However, because Plaintiff has failed to serve any of the Individual Officers in the eight and one-half months since the filing of this action, and because he has already been given a *sua sponte* extension and provides no good cause for his neglect, the Court, in its discretion, dismisses all of his claims against the Individual Officers.[5]

   I.   *Federal Rule of Civil Procedure 4(m)*

Federal Rule of Civil Procedure 4(m) requires that a plaintiff serve all defendants to an action within 120 days after filing the complaint. Fed. R. Civ. P. 4(m). If a plaintiff shows good cause for that failure, the Court must extend the time for service. *Id.* Where no good cause is shown, on motion or on its own after notice to the plaintiff is given, the Court has discretion to

---

[5] Plaintiff's *Monell* claim against the City will go forward.

dismiss the complaint without prejudice. *Id.; Zapata v. City of New York*, 502 F.3d 192, 196-97 (2d Cir. 2007) (holding that district courts have discretion to grant extensions of time to serve process even in the absence of good cause). The Second Circuit has held that "before [it] will even consider vacating a Rule 4(m) dismissal . . . the plaintiff must ordinarily advance some colorable excuse for neglect." *Zapata*, 502 F.3d at 198; *see also Bogle-Assegai v. Connecticut*, 470 F.3d 498, 509 (2d Cir. 2006). Absent good cause, the district court ought to weigh the impact that dismissal or extension would have on the parties. *Zapata*, 502 F.3d at 197 ("so long as there are sufficient indications on the record that the district court weighed the impact that a dismissal would have on the parties.").

## II.  *Absence of Good Cause*

In this case, it is undisputed that Plaintiff has failed to serve the Individual Officers and has therefore failed to comply with Rule 4(m). *See* Fed. R. Civ. P. 4(m). In fact, Plaintiff failed to serve the Individual Officers even after he was granted an extension, *sua sponte*, by the presiding Magistrate Judge and explicitly warned that, were service not effectuated by May 29, 2013, "this Court may sua sponte dismiss an action without prejudice for failure to effectuate timely service." (Dkt. No. 9.) Receiving notice from Defendants that they would move to dismiss based on lack of service likewise spurred no action from Plaintiff. And even after Defendants' counsel provided the complete identifying information and addresses for the named Individual Officers (Dkt. No. 14), Plaintiff made no attempt to serve them.

6

Plaintiff's counsel offers nothing resembling a colorable excuse for neglecting the original service deadline or the Court's *sua sponte* extension.[6] Clearly, the explanation that "[s]omehow, this court's order to serve the unnamed defendant's was lost and the deadlines did not make it onto my calendar" does not constitute a colorable excuse. (Dkt. No. 13). Nor has Plaintiff's counsel demonstrated any fault by Corporation Counsel in facilitating service of the Individual Officers.[7] Unfortunately for Plaintiff, counsel's inadvertence or neglect does not excuse failed service. *Abreu v. City of New York*, 657 F. Supp. 2d 357, 362 (E.D.N.Y. 2009) (citing *e.g., Hollomon v. City of New York,* No. 04–CV–2964, 2006 WL 2135800, at *3 (E.D.N.Y. July 31, 2006) (a "delay in service resulting from the mere inadvertence, neglect, or mistake of a litigant's attorney does not constitute good cause") (quoting *Managed Mkt. Neutral Fund v. Askin Capital Mgmt., L.P.,* 197 F.R.D. 104, 108 (S.D.N.Y.2000)); *Beauvoir v. United States Secret Serv.,* 234 F.R.D. 55, 56 (E.D.N.Y.2006)). Moreover, any claim that Plaintiff would serve the Individual Officers if only he were given one more chance is belied by the fact that Plaintiff's counsel received the names of certain Individual Officers from ACC Weingarten three weeks prior to the Conference, and Plaintiff's counsel still made no effort to serve those individuals before the Conference.

---

[6] Though Plaintiff claimed that he had issues identifying the Individual Officers, he did not make such attempts until after the service period and extension had run, more than seven months after the filing of the complaint; and even then the attempt was feeble at best. (*See* Dkt. No. 15). In fact, Plaintiff did not respond to Defendants' counsel's solicitations about which NYPD Officers, if any, Plaintiff sought to identify. (*Id*.) Indeed, Plaintiff's counsel's half-hearted effort in early July 2013 to identify the unnamed Individual Officers appears to have been spurred on by the initial conference scheduled for July 19, 2013 before Judge Scanlon, who had warned Plaintiff in her May 8th order that she might *sua sponte* dismiss his claims against the Individual Officers for lack of service.

[7] Indeed, given the representations in the parties' July 15, 2013 and July 17, 2013 correspondence, the Court has concerns about what appears to be a disingenuous, if not dishonest, effort by Plaintiff's counsel to blame opposing counsel for a serious lapse in his own performance.

*III. Prejudice*

The Court is mindful of the impact dismissal will have on Plaintiff. While this dismissal is without prejudice to the filing of a new complaint under Rule 4(m), Plaintiff's § 1983 claims, which in New York are subject to a three-year statute of limitations, *Pearl v. City of Long Beach*, 296 F.3d 76, 70 (2d Cir. 2002), would now be time-barred against the Individual Officers. Effectively, Plaintiff's § 1983 claims against the Individual Officers will be extinguished. However, the impact of the dismissal on Plaintiff's federal claims is partially mitigated by the fact that these claims would be time-barred as to the unnamed individual officer defendants even if Plaintiff were granted another extension of time in which to serve them. Where a Plaintiff uses John/Jane Does as a placeholder for a defendant, he is generally required to substitute the named party within the applicable statute of limitations period. *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 468-70 (2d Cir. 1995).[8] Since the statute of limitations on Plaintiff's federal claims expired, at the latest, on April 24, 2013, Plaintiff's federal claims against the unnamed Individual Officers are time-barred because Plaintiff failed to substitute the names of the John and Jane Doe Officers by that date. *See Pearl*, 296 F.3d at 70; *see also Wallace v. Kato*, 549 U.S. 384, 388-90 (2007) (holding that "[l]imitations begin to run against an action for false imprisonment when the alleged false imprisonment ends."). Thus, another extension of service deadline would not have saved the federal claims against the John and Jane Doe defendants since Plaintiff failed to substitute their true names within the limitations period.

---

[8] It is true that courts have rejected the dismissal of suits against unnamed defendants described by role where a plaintiff requires discovery to learn the identities of responsible officials. *See e.g., Davis v. Kelly*, 160 F.3d 917, 921 (2d Cir. 1998). However, Plaintiff has offered nothing to show that that is the situation here. The complaint describes conduct by the named defendant officers, but does not describe any action taken by a John or Jane Doe officer. Furthermore, Corporation Counsel was willing to work with Plaintiff to identify any involved unnamed officers.

The impact on Plaintiff of this dismissal is also mitigated by the fact that his state law claims against all of the Individual Defendants, named and unnamed, are procedurally barred. "[I]n a federal court, state notice-of-claim statutes apply to state law claims." *Hardy v. New York City Health Hosps. Corp.,* 164 F.3d 789, 793 (2d Cir. 1999). Under New York's general municipal law, "a notice of claim is a mandatory precondition to bringing a tort claim against a municipality or any of its . . . employees." *Hyde v. Arresting Officer Caputo*, 98 CV 6722(FB)(ASC), 2001 WL 521699, at * 4 (E.D.N.Y. May 11, 2001) (citing N.Y. Gen. Mun. L. §§ 50-e, 50-i(1)(a)). Here, it appears that Plaintiff never filed a notice of claim as required by N.Y. Gen. Mun. L. § 50-e. (Dkt. No. 11 at 3.)

In any event, even if Plaintiff had timely filed a notice of claim, his state law claims would still be time barred. Under New York law, a plaintiff pursuing a state law tort claim against a city must commence the action "within one year and ninety days after the happening of the event upon which the claim is based." N.Y. Gen. Mun. § 50–I(c). Plaintiff's state law claims accrued on April, 24, 2010, the date of his release from custody and the charge against him was dismissed. *See Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir.1980); *Hyde,* 2001 WL 521699 at * 4. Plaintiff filed this action on November, 21, 2012—two years and 212 days after the alleged incident giving rise to this action—well past the one year and 90-day limitations period.

Due to the procedural bars to Plaintiff's state law claims, even if he were granted an extension of time in which to serve the Individual Defendants, these claims would likely not survive. Thus, the impact of the dismissal on Plaintiff is less than it would have been had he timely noticed or filed his state law claims.

On the other hand, the Individual Officers would be prejudiced if this Court granted *another* extension prolonging Plaintiff's opportunity to serve them on a claim that accrued more than three and half years ago and about which they have received no notice. *See Zapata*, 502 F.3d at 198. Notwithstanding the Court's sympathy for a plaintiff who relies on counsel to meet applicable deadlines, principles of judicial efficiency and economy, and fairness to both parties, warrant dismissal, especially where Plaintiff was given an extension and warnings about the failure to timely serve the Individual Officers. As the Second Circuit noted in *Zapata* "in the absence of good cause, no weighing of the prejudices between the two parties can ignore that the situation is the result of plaintiff's neglect." *Zapata*, 502 F.3d at 198 (affirming district court's Rule 4(m) dismissal where, *inter alia*, plaintiff sought a tardy extension of time to serve the defendant).[9] Plaintiff's claims against the Individual Officers are accordingly dismissed without prejudice.[10]

---

[9] In *Zapata v. City of New York*, the Court upheld a dismissal based on a fact set similar to the one in question. As here, the plaintiff in *Zapata* "made no effort to effect service within the service period, neglected to ask for an extension within a reasonable period of time, and has advanced no cognizable excuse for the delay." *Zapata*, 502 F.3d at 198. Only here, Plaintiff was once given a reprieve when the Court *sua sponte* extended the service period that Plaintiff subsequently missed.

[10] Although Plaintiff could seek to re-file his claims against the Individual Officers, as discussed, these claims almost inevitably would be time-barred. Should Plaintiff choose this course of action, he would be required to establish sufficient grounds for equitable tolling of the statute of limitations, which, based on the current record, seems a near-impossibility.

## Conclusion

For the foregoing reasons, along with those stated at the Conference, Plaintiff's claims against the Individual Officers—specifically the First and Second Causes of Action of the Complaint—are dismissed without prejudice.

SO ORDERED:

_____
Pamela K. Chen
United States District Judge

Dated: August 12, 2013
       Brooklyn, New York